1  Scott Alan Burroughs (SBN 235718)
   scott@donigerlawfirm.com
2  Andres Navarro (SBN 358499)
   anavarro@donigerlawfirm.com
3  DONIGER / BURROUGHS
4  603 Rose Avenue
   Venice, California 90291
5  Telephone: (310) 590-1820
6  Attorneys for Plaintiff

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  THE ESTATE OF CHI MODU,                    Case No.:
    appearing via its Trustee, SOPHIA
12  MODU,                                      **PLAINTIFF'S COMPLAINT FOR**:

13  Plaintiff,                                 1. COPYRIGHT INFRINGEMENT
                                                  (17 U.S.C. § 101, *et. seq.*);
14  v.
                                               2. VICARIOUS AND/OR
15                                                CONTRIBUTORY COPYRIGHT
                                                  INFRINGEMENT; AND
16  ROBERTO VINCENZO, LLC, a
    California limited liability company,      3. VIOLATION OF THE DIGITAL
17  CALVIN CORDOZAR BROADUS, JR.                  MILLENIUM COPYRIGHT ACT
    an individual,                                (17 U.S.C. §1202)
18
19  Defendants.                                Jury Trial Demanded

20

21

22      Plaintiff, THE ESTATE OF CHI MODU ("Modu" or "the Estate"), by and

23  through his undersigned attorneys, hereby prays to this honorable Court for relief

24  based on the following:

25                          **INTRODUCTION**

26      1.    Modu was an award-winning photographer, well-known for his

27  photographs of hip-hop icons including Tupac Shakur, Notorious B.I.G., Mary J.

28
                                    1

1  Blige, L-L Cool J, and many others. He exhibited his work at numerous museums,

2  appeared at many exhibits, and used his skills as a photographer to create unique

3  documentaries. His photographs are often used in commercials, films, music

4  documentaries, along with being held in private collections. His images have also

5  been licensed by Sony, Paramount, Viacom, The New York Times and The London

6  Times, and his photograph of Tupac Shakur was featured in Rolling Stone's book

7  "The '90s: The Inside Stories from the Decade That Rocked." His photographs have

8  also been featured on the covers of The Source, Rolling Stone Magazine, and Jazz

9  Times.

10      2.      Modu created original photography depicting Snoop Dogg ("Subject

11  Photography"), a true and correct copy of which is attached as **Exhibit A**.

12      3.      Modu passed away and The Estate obtained all ownership, interest, and

13  rights in the Subject Photography. Plaintiff exclusively owns the Subject

14  Photography, its copyrights, and any related accrued claims**.**

15      4.      The Subject Photography is registered with the Copyright Office and

16  The Estate owns that registration.

17      5.      Defendants, and each of them, have willfully copied, reproduced,

18  displayed, and distributed the Subject Photography for financial benefit and without

19  Modu or Plaintiff's consent, by printing the Subject Photography on apparel

20  including jackets and offering them for sale on *www.snoopermarket.com* at as

21  depicted in **Exhibit A** hereto. Said material will be referred to as "Infringing

22  Product" herein.

23      6.      Plaintiff did not consent to said use of the Subject Photography.

24      7.      Plaintiff complied in all respects with the Copyright Act, 17 U.S.C. §

25  101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and

26  privileges in and to the Subject Photography, which Plaintiff has registered with the

27  United States Copyright Office.

28

COMPLAINT

1    8.    Plaintiff sent a cease and desist letter to Defendant in an attempt to

2  amicably resolve this dispute but that letter was ignored.

3                            **JURISDICTION AND VENUE**

4    9.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§

5  101, *et seq*, and Cal. Civ. Code 3344(a).

6    10.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and

7  1338 (a) and (b).

8    11.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

9  1400(a) in that this is the judicial district in which a substantial part of the acts and

10  omissions giving rise to the claims occurred.

11                                   **PARTIES**

12    12.    Plaintiff "Modu" or "the Estate," appearing via its trustee, Sophia Modu,

13  is based in New Jersey.

14    13.    Plaintiff is informed and believes and thereon alleges that Defendant

15  Calvin Cordozar Broadus, Jr. individually owns and operates "Snoopermarket,"

16  which is an online brand and marketplace that sells apparel and other merchandise,

17  and which operates in this District.

18    14.    Plaintiff is information and believes and thereon alleges that Defendant

19  Roberto Vincenzo, LLC ("Vincenzo") is a limited liability company based in

20  otherwise operating in this District.

21    15.    Plaintiff is informed and believes and thereon alleges that at all times

22  relevant hereto each of the Defendants was the agent, affiliate, officer, director,

23  manager, principal, alter-ego, and/or employee of the remaining Defendants and was

24  at all times acting within the scope of such agency, affiliation, alter-ego relationship

25  and/or employment; and actively participated in or subsequently ratified and adopted,

26  or both, each and all of the acts or conduct alleged, with full knowledge of all the

27  facts and circumstances, including, but not limited to, full knowledge of each and

28

1   every violation of Plaintiff's rights and the damages to Plaintiff proximately caused

2   thereby.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

16.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17.   Upon information and belief, Plaintiff alleges that Defendants, and each of them, accessed the Subject Photography by, without limitation, viewing the Subject Photograph as it was publicly displayed. Access is additionally evidenced by Subject Photography's exact reproduction in the Infringing Product without photo credit in the Infringing Product.

18.   Upon information and belief, Plaintiff alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography as seen, without limitation, in the attached hereto as **Exhibit A**.

19.   Upon information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

20.   On information and belief Plaintiff alleges that Vincenzo and Broadus collaborated to create, market, and sell the infringing apparel seen in **Exhibit A**.

21.   Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered actual, general, and special damages in an amount to be established at trial.

22.   Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants'

4

COMPLAINT

1    profits directly and indirectly attributable to Defendants' infringement of her rights in

2    the Subject Photography in an amount to be established at trial.

3         23.    Plaintiff is informed and believes and thereon alleges that Defendants,

4    and each of their, conduct as alleged herein was willful, reckless, and/or with

5    knowledge, subjecting Defendants, and each of them, to enhanced statutory damages,

6    claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs

7    when calculating disgorgeable profits.

8    

**SECOND CLAIM FOR RELIEF**

9    (For Vicarious and/or Contributory Copyright Infringement – Against all Defendants,

10    and Each)

11         24.    Plaintiff repeats, re-alleges, and incorporates herein by reference as

12    though fully set forth, the allegations contained in the preceding paragraphs of this

13    Complaint.

14         25.    Upon information and belief, Plaintiff alleges that Defendants knowingly

15    induced, participated in, aided and abetted in and profited from the illegal

16    reproduction and distribution of the Subject Photograph as alleged hereinabove. Such

17    conduct included, without limitation, publishing copies obtained from third parties

18    that Defendant(s) knew, or should have known, were not authorized to be published

19    by Defendant(s); publishing the Infringing Use on affiliate, third-party, and social

20    media sites; and distributing the Infringing Use to third parties for further publication.

21         26.    Plaintiff is informed and believes and thereon alleges that Defendants,

22    and each of them, are vicariously liable for the infringement alleged herein because

23    they had the right and ability to supervise the infringing conduct and because they

24    had a direct financial interest in the infringing conduct. Specifically, each Defendant

25    had the ability to oversee the development, publication, and distribution of the

26    infringing imagery at issue. And, Defendants, and each of them, realized profits

27    through their respective obtainment, marketing and distribution of the Infringing Use.

28

5

COMPLAINT

27.      By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

28.      Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photography, in an amount to be established at trial.

29.      Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

30.      Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

31.      The Subject Photography was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author.

32.      Upon information and belief, Plaintiff alleges that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography.

COMPLAINT

33.    Upon information and belief, Plaintiff alleges that Defendants, and each of them, distributed and published the Subject Photography on website(s), including but not limited those sites reflected in **Exhibit A** hereto, having removed Plaintiff's attribution information, including without limitation her name and/or metadata.

34.    The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

35.    When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.  That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photography.

b.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c.  That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d.  That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e.  That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 25, 2025          By:  */s/ Scott Alan Burroughs*
                                        Scott Alan Burroughs, Esq.
                                        Andres Navarro, Esq.
                                        DONIGER / BURROUGHS
                                        *Attorneys for Plaintiff*

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### Subject Photograph



### Infringing Product



9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT